```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOSE LOPEZ, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 04-4965 (JBS) |
| v. | Cr. No. 01-373-02 (JBS) |
| UNITED STATES of AMERICA, | **OPINION** |
| Respondent. | |

APPEARANCES:

Jose Lopez, #40392-050
FCI Duluth Camp
P.O. Box 1000, Dorm 207
Duluth, MN 55814
    Petitioner Pro Se

Christopher Christie
United States Attorney
By:  William Fitzpatrick
     Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
    Attorney for Respondent

**SIMANDLE**, District Judge:

I.   Introduction

Petitioner, Jose Lopez, was sentenced by the undersigned to a term of imprisonment of 114 months following the execution of a written plea agreement, under which Petitioner pled guilty to one count of conspiracy to distribute and possession with intent to distribute more than 5 kilograms of cocaine and 50 grams of cocaine base in violation of 21 U.S.C. § 846.  Petitioner now brings this pro se habeas corpus petition pursuant to 28 U.S.C. § 2255, arguing that (1) his trial counsel was constitutionally

ineffective; and (2) he is entitled to resentencing in light of the recent Supreme Court decision in United States v. Booker. 125 S. Ct. 738 (2005).  The petition will be denied in its entirety because the claims are procedurally barred, and because Petitioner knowingly and voluntarily waived his right to file a habeas petition.  In any event, for the reasons expressed below, both of Petitioner's claims fail on the merits.

II.   Background

On June 5, 2001, a federal grand jury sitting in Camden returned a one-count Indictment against Petitioner and his coconspirators, charging Petitioner with conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base and more than 5 kilograms of powder cocaine, in violation of 21 U.S.C. § 846.  Petitioner pled guilty to the one-count Indictment before the undersigned on July 24, 2001, pursuant to a written plea agreement.  The plea agreement provided that Petitioner was accountable for more than 1.5 kilograms of crack cocaine and for at least 15 kilograms, but less than 50 kilograms, of powder cocaine, resulting in a Base Offense Level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1).  The parties stipulated that Petitioner would receive a 3 level reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b)(2), resulting in a total offense level of 35.  Additionally, under the plea agreement Petitioner

voluntarily waived the right to collaterally attack the sentencing court's determination under 28 U.S.C. § 2255, provided that the total offense level determined by the Court was equal to or less than an offense level of 35.[1]

Thereafter, a Presentence Investigation Report was prepared by a United States Probation Officer, which corresponded with the parties' stipulation of a Base Offense Level of 38, with a 3 level reduction for acceptance of responsibility.  Additionally,

---

[1] Specifically, Stipulation 6 of Schedule A of the written plea agreement letter dated July 6, 2001 (Exhibit 2 to Resp. Br.), which Petitioner acknowledged he understood and had discussed with his attorney, contained the wavier of the right to collaterally attack the court's determination of his offense level under § 2255, stating as follows:

> Jose Lopez knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing–including, but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255–that challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than the stipulated offense level set forth in paragraph 5 above [i.e., 35].  The government will not file any appeal, motion, or writ that challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or greater than the stipulated offense level set forth in paragraph 5 above [i.e., 35].  These prohibitions are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, any appeal, motion or writ that challenges the sentence Jose Lopez receives, or the manner in which it was determined, and that is not barred by these prohibitions, will be limited to that portion of the sentencing calculation that is inconsistent with or not addressed by this sentencing stipulation.

3

the Presentence Report found that Petitioner met the criteria of a career offender with a criminal history category of VI.  These calculations resulted in a guideline range of imprisonment of 292 to 365 months.

On May 30, 2002, a sentencing hearing was conducted by the undersigned.  Petitioner did not object to any of the findings contained in the Presentence Investigation Report.  The Court adopted those findings, thereby establishing a guideline range of 292 to 365 months imprisonment.  The government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 due to Petitioner's substantial assistance in the investigation.  The Court granted the motion and sentenced Petitioner to 144 months imprisonment.  The Judgment and Conviction Order was entered on May 31, 2002.

Petitioner never filed a direct appeal of his conviction or sentence.  On August 4, 2004, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons now explained, the petition will be denied in its entirety.

III. <u>Discussion</u>

    A.   <u>Procedural Bar</u>

Petitioner is procedurally barred from filing the current habeas petition.  A one-year period of limitation applies to

motions made under 28 U.S.C. § 2255.  The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  In this case, there was no unconstitutional governmental action preventing Petitioner from bringing an appeal, and no new facts have arisen to support Petitioner's claim.  Additionally, although Petitioner argues that his sentence should be vacated in light of United States v. Booker, 125 S. Ct. 738 (2005), the rule of law announced by the Supreme Court in Booker does not apply retroactively.  Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005).  Therefore, the Court may consider the current petition only if it was made within one year of the date on which Petitioner's conviction became final.  As the following discussion explains, it was not.

A conviction becomes final within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the

5

conviction and sentence, or denies the defendant's petition for certiorari; or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Under Supreme Court Rule 13, a defendant has 90 days from the entry of judgment or denial of a rehearing petition in which to file a petition for writ of certiorari. Sup. Ct. R. 13.

In this case, Petitioner never filed a direct appeal of his conviction or sentence and, thus, his conviction became final on August 31, 2002, 90 days after the entry of judgment on May 31, 2002. Therefore, Petitioner had until August 31, 2003 to file a petition under § 2255. However, Petitioner filed the current petition on August 4, 2004, nearly one year after the statute of limitations expired. Therefore, Petitioner is time-barred under § 2255 from filing the current petition and the petition will be denied.

  B. Waiver of The Right to File a § 2255 Petition

Additionally, Petitioner knowingly and voluntarily waived his right to file the instant petition. On July 24, 2001, Petitioner pled guilty pursuant to a written plea agreement under which he voluntarily waived his right to challenge the sentencing court's determination or imposition of the offense level under § 2255, provided that the total offense level determined by the court was equal to or less than an offense level of 35. A total

6

offense level of 35 was computed in the Presentence Investigation Report and adopted by the Court at the sentencing hearing. Therefore, the waiver of collateral attack was triggered, thereby precluding Petitioner from filing the current petition.

Waivers of appeal are permissible and enforceable. U.S. v. Khattak, 273 F.3d 557 (3d Cir. 2001). See also United States v. Teeter, 257 F.3d 14 (1st Cir. 2001); United States v. Fisher, 232 F.3d 301 (2d Cir. 2000); United States v. Brown, 232 F.3d 399 (4th Cir. 2000); United States v. Branam, 231 F.3d 932 (5th Cir. 2000); United States v. Fleming, 239 F.3d 761 (6th Cir. 2001); United States v. Jemison, 237 F.3d 911 (7th Cir. 2000); United States v. Estrada-Bahena, 201 F.3d 1070 (8th Cir. 2000); United States v. Nguyen, 235 F.3d 1179 (9th Cir. 2000); United States v. Rubio, 231 F.3d 709 (10th Cir. 2000); Unites States v. Howle, 166 F.3d 1166 (11th Cir. 1999). In Khattak, the Third Circuit examined the legality of waiver-of-appeals provisions in guilty plea agreements and held that such waivers are valid if entered into knowingly and voluntarily, unless enforcing the waiver would work a miscarriage of justice. Khattak, 273 F.3d at 562-63.

In determining whether the waiver in Khattak was knowing and voluntary, the court there considered whether the sentencing judge complied with the requirements of Federal Rule of Criminal Procedure 11. Id. at 563. Under Rule 11, before accepting a guilty plea the court must address the defendant and determine

7

that the defendant understands, among other things, the terms of any provision in a plea agreement waiving the right to appeal or collaterally attack the sentence.  Fed. R. Crim. P. 11.

In this case, the record reflects that the Court took all reasonable steps to ensure that Petitioner's waiver of his § 2255 rights was knowing and voluntary.  First, Petitioner signed a Rule 11 form acknowledging that under his plea agreement he waived his right to appeal or collaterally attack the sentence imposed.  (Rule 11 Form at p.5).  Second, the Court orally questioned Petitioner during his Rule 11 hearing about his waiver of rights of appeal and of collateral attacks under § 2255 as set forth in his written plea agreement, and the Court found that his waiver of § 2255 rights was knowingly and voluntarily given as part of his negotiated plea agreement.  Further, at the sentencing hearing Petitioner failed to object to any of the findings in the Presentence Report adopted by the Court.  In fact, even at the present time Petitioner has never claimed that his waiver was unknowing or involuntary, and has made no allegation that he misunderstood the nature or effect of the waiver provision in the plea agreement.

Additionally, there was no particular sentencing error that would work a miscarriage of justice.  See Khattak, 273 F.3d at 563 (stating that otherwise valid waivers of appeal could be vacated when sentencing error occurred).  Petitioner did not

object to the findings contained in the Presentence Investigation Report adopted by the Court, and the ultimate sentence imposed was below the guideline sentencing range.

Because Petitioner knowingly and voluntarily waived his right to appeal the sentencing court's determination under § 2255, and because enforcing the waiver does not work a miscarriage of justice, the instant petition will be denied.

    C.    Ineffective Assistance of Counsel

Although Petitioner waived his right to collaterally attack his sentence and is otherwise procedurally barred from filing the current petition, Petitioner's claims also fail on the merits. Petitioner claims that his counsel was constitutionally ineffective for (1) advising him to enter a cooperating plea agreement with a stipulated drug quantity greater than the threshold quantity under 21 U.S.C. § 846, and (2) failing to seek a minor role downward adjustment to his sentence.  In order to establish a viable claim of actual ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).

The first prong of Strickland requires a showing that counsel made errors so serious that the right to counsel guaranteed by the Sixth Amendment was essentially not provided. Strickland, 466 U.S. at 687.  The proper standard for judging

9

attorney performance is that of reasonably effective assistance. Id. at 687.  Judicial scrutiny of counsel's performance must be highly deferential and the petitioner must overcome a strong presumption that counsel's actions were sound given the circumstances.  Id. at 689.  As explained below, in this case, Petitioner failed to satisfy the first prong of Strickland by establishing that counsel's performance was deficient.  Therefore, Petitioner's claim of ineffective assistance of counsel fails.  See United States v. Nino, 878 F.2d 101 (3d Cir. 1989) (holding habeas petitioner seeking to vacate sentence due to counsel's post-conviction actions must satisfy both prongs set forth in Strickland).

        1.    Drug Quantity Stipulation in Plea Agreement

Petitioner first claims that his counsel was ineffective for advising him to stipulate in his plea agreement that the amount of controlled substances attributable to him was more than 1.5 kilograms of cocaine base and at least 15 kilograms, but less than 50 kilograms, of powder cocaine, resulting in a Base Offense Level of 38.  U.S.S.G. § 2D1.1(c)(1).  Petitioner claims counsel should have stipulated the threshold amount under 21 U.S.C. § 846 of more than 50 grams of cocaine base and more than 5 kilograms of powder cocaine, resulting in a Base Offense Level of 32.  21 U.S.C. § 841.

10

Petitioner is clearly confusing the quantity of controlled substances needed to be in violation of § 846, and the quantity of controlled substances stipulated for sentencing purposes. Had Petitioner pled guilty or nolo contendere to the charges in the Indictment, thereby allowing the Court to accept the allegations contained therein as true, the Court would still have had to determine the appropriate sentencing guideline range. <u>See</u> Fed. R. Crim. P. 11. The Presentence Investigation Report states that the stipulated drug quantities resulted from an investigation involving a drug distribution scheme that operated for over a year. (Presentence Report ¶ 39.). Based on that information, the Court could have found Petitioner accountable for at least 1.5 kilograms of cocaine base and at least 15 kilograms of powder cocaine. Additionally, had Petitioner not entered into the plea agreement, he might not have received the point reduction of his Base Offense Level from 38 to 35. (Resp. Supp. Br. at 8-9.) Therefore, counsel was objectively reasonable in advising Petitioner to stipulate to the amount of controlled substances in the plea agreement. Accordingly, Petitioner fails to show that his counsel's performance was constitutionally deficient under <u>Strickland</u>.

        2.   <u>Minor Role</u>

Petitioner also claims that counsel was ineffective for failing to seek a minor role downward adjustment pursuant to U.S.S.G. § 3B1.2.  Section 3B1.2 allows an adjustment to a defendant's offense level based on the role he played in committing the offense.  The prerequisites for applying § 3B1.2 are (1) multiple participants and (2) a differentiation in levels of culpability.  U.S.S.G. § 3B1.2.  District courts are allowed broad discretion in applying this section, and its application is heavily dependent on the facts of the particular case.  <u>See</u> <u>United States v. Isaza-Zapata</u>, 148 F.3d 236 (3d Cir. 1998).

Here, there were no circumstances barring Petitioner's counsel from requesting a downward adjustment for a minor role at Petitioner's sentencing hearing.  However, counsel's failure to do so does not render his assistance constitutionally ineffective.  As noted above, a defendant claiming ineffective assistance of counsel must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy.  <u>Strickland</u>, 466 U.S. at 689 (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)).

In this case, counsel's decision could be considered a sound tactical move.  As the government suggests, had Petitioner pursued a minor role reduction, the government would not likely have made a motion for a sentence reduction under U.S.S.G. §

12

5K1.1. (Resp. Supp. Br. at 10.) As stated above, the Court granted that motion, thereby reducing Petitioner's sentence from the guideline range of 292 to 365 months, to 144 months. Additionally, had defense counsel requested a minor role reduction, more evidence of Petitioner's role in the offense would have been introduced, which, depending on the facts of the case, could have resulted in a further role enhancement. Petitioner fails to overcome the presumption that his counsel's actions reflected sound trial theory and, therefore, fails to demonstrate that counsel's performance was deficient.

For the foregoing reasons, Petitioner fails to establish a claim of ineffective assistance of counsel.

D.   Resentencing in Light of *United States v. Booker*

Petitioner further argues that his sentence should be vacated because the quantity of drugs attributed to him for sentencing purposes was never submitted to a jury, as required under the Supreme Court's holding in United States v. Booker. 125 S. Ct. 738 (2005). In Booker, the Supreme Court held that under the Sixth Amendment, any fact other than a prior conviction that is necessary to support a sentence exceeding the maximum authorized by the facts established by a guilty plea or jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Id. at 756. In this case, Petitioner stipulated in his plea agreement that the amount of controlled

13

substances attributable to him for sentencing purposes was more than 1.5 kilograms of cocaine base, and at least 15 kilograms but less than 50 kilograms of powder cocaine, resulting in a Base Offense Level of 38.  The lowest sentencing range attributable to a Base Offense Level of 38 is 235 to 293 months.  U.S.S.G. § 2D1.1(c)(1).  The sentence ultimately imposed on Petitioner was 144 months.  Therefore, Petitioner's sentence does not exceed the maximum authorized by the facts established in his plea agreement and Petitioner's claim falls outside the scope of Booker.  Furthermore, even if Petitioner's sentence did exceed the authorized maximum, Petitioner admitted the facts used to support his sentence in his plea agreement.  Therefore, the requirements established in Booker were satisfied and Petitioner's motion to vacate his sentence in light of the holding in Booker is meritless.[2]

---

[2] Even if Petitioner's claim fell within the scope of Booker, Petitioner's claim fails because Booker is not applicable to petitioners whose convictions became final before Booker was decided.  See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (holding the rule of law announced in Booker does not apply retroactively).  As mentioned above, Petitioner's conviction became final on or about August 31, 2002, while Booker was decided on January 5, 2005.  Therefore, Booker is inapplicable to the current action.

IV.  Conclusion

For the foregoing reasons, Mr. Lopez's petition for writ of habeas corpus will be denied.  The accompanying Order is entered.


**November 2, 2005**         　　　　　 _s/ Jerome B. Simandle_
Date                                                          JEROME B. SIMANDLE
                                                              United States District Judge